UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KELVIN DAVID MOFFIT,

           Petitioner,           Case No. 1:23-cv-443

v.                                         Hon. Hala Y. Jarbou

WILBUR YANCER, JR.,

           Respondent.
_____/

## OPINION

This is a habeas corpus action brought under 28 U.S.C. § 2241 by a state prisoner, Petitioner Kelvin David Moffit. Petitioner complains generally that he was detained in violation of the Fourteenth Amendment Due Process Clause. (Pet., ECF No. 1, PageID.2.)

At the time Petitioner signed the petition on April 26, 2023, he was still housed in the Missaukee County Jail. Thus, he names as Respondent Missaukee County Sheriff Wilbur Yancer, Jr. When Petitioner signed and mailed the petition, he was awaiting imposition of sentence in Case No. 22-003366-FH, following conviction on charges of third-degree fleeing and eluding, in violation of Mich. Comp. Laws § 257.602a, resisting an officer, in violation of Mich. Comp. Laws § 750.81d, failure to maintain security, in violation of Mich. Comp. Laws § 500.3102, and operating an unregistered vehicle in violation of Mich. Comp. Laws § 257.215.[1] On May 1, 2023,

---

[1] "[I]t is well-settled that '[f]ederal courts may take judicial notice of proceedings in other courts of record[.]'" *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969) *cert. denied*, 397 U.S. 1065 (1970)). The Court takes judicial notice of the information provided on the Missaukee County Register of Actions. https://micourt.courts.michigan.gov/case-search/court/C28~1 (search Last Name "Moffit," First Name "Kelvin;" select Case ID "2022-0000003366-FH") (last visited May 7, 2023).

Petitioner was sentenced as a fourth-habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 2 to 15 years' imprisonment for resisting an officer and 4 to 15 years' imprisonment for third-degree fleeing and eluding. He was also sentenced to 90 days on the other offenses, but the time he had already served exceeded those sentences.

When a person is in custody pursuant to the judgment of a state court, he may seek release by way of a writ of habeas corpus under 28 U.S.C. § 2254. When Petitioner filed his petition, however, he was not yet detained pursuant to a judgment. That fact is significant because this Court's jurisdiction "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (internal quotation marks omitted) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)).

When Petitioner filed his petition, a jury had convicted him, but he had not yet been sentenced. Thus, the challenge to the constitutionality of his detention, at the time it was filed, had to be raised under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).[2]

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[3] The Court is required to

---

[2] *Atkins*—and the cases cited therein—sometimes use the terms pre-trial and post-trial, but the language of the statute and the reasoning employed by the courts suggest the line would be more appropriately characterized as falling between pre-judgment and post-judgment. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence[;] . . . [t]he sentence is the judgment." (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)))); *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (concluding that final judgment does not occur "until after conviction ***and*** the imposition of sentence." (emphasis added)).

[3] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases. After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

### I. *In forma pauperis* Status

Petitioner has requested leave of court to proceed *in forma pauperis* (ECF No. 2) under 28 U.S.C. § 1915(a)(1) and has filed an affidavit of indigence. It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Accordingly, the Court will grant Petitioner leave to proceed *in forma pauperis*.

### II. Exhaustion under § 2241

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a prejudgment detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Ct. of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

3

The Sixth Circuit has approved consideration of an "unexhausted" prejudgment § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner's due process concerns do not fall within any of these exceptional circumstances. Accordingly, he must exhaust his state court remedies before seeking relief in this Court.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner does not indicate that he has sought relief in the state courts—at least not beyond the Missaukee County Circuit Court—for the constitutional violations he alleges. Under state statutes and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner, including available appeals of the recently entered judgment of sentence. Relief under § 2241 is not available until after Petitioner has pursued and exhausted his state court remedies. Indeed, because Petitioner is now in custody pursuant to the judgment of a state court, relief is only available to him under § 2254.

### III. Exhaustion under § 2254

Petitioner was not in custody pursuant to a state court judgment when he filed his petition, but he is now. As noted above, the fact that § 2254 jurisdiction was absent when the petition was filed effectively deprived the Court of jurisdiction under that section. That defect is not remedied by the subsequent entry of the judgment of sentence. Moreover, although the Court might have jurisdiction under § 2254 if the Petitioner filed a new petition today, that petition would also be properly dismissed—not because of a lack of jurisdiction under § 2254, but because his § 2254 petition would also be unexhausted.

4

Before the Court may grant habeas relief to a state prisoner under § 2254, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970). Petitioner has not, and cannot, meet his burden of showing exhaustion. He has not yet presented his due process challenges to the Michigan Court of Appeals or the Michigan Supreme Court. Therefore, simply construing the petition as one filed under § 2254, or permitting Petitioner to refile, would not afford him any relief.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly dismissed for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court concludes that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for that same reason, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.


Dated: May 31, 2023                               /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  CHIEF UNITED STATES DISTRICT JUDGE